# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

No. 09-10417

Charles R. Fulbruge III
Clerk

CHRISTINA MULLEN ACEVEDO; MARK ACIRENO; TERESA AGNEW;
FERNANDO AGUERO; CECILIA G. ALBERT; ET AL.

Plaintiffs-Appellants

v.

ALLSUP'S CONVENIENCE STORES INC., a New Mexico Corporation;
LONNIE D. ALLSUP, an individual; BARBARA J. ALLSUP, an individual.

Defendants-Appellees

Appeal from the United States District Court for the
Northern District of Texas (Amarillo Division)

Before JONES, Chief Judge, and BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:

In 2007, Appellants Christina Acevedo and approximately 800 current or former employees of Allsup's Convenience Stories, Inc. ("Allsup's") opted into a representative action against their employer, seeking payment of unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 (2006). After the district court decertified the representative action and dismissed Appellants' claims, they filed the present action, seeking joinder of all dismissed plaintiffs in a single lawsuit advancing the same claims against Allsup's. The district court again dismissed their claims, concluding that

No. 09-10417

Appellants were not properly joined as plaintiffs in a single action. Acevedo and her fellow forty-score plaintiffs now appeal this dismissal. We hold that the district court did not abuse its discretion in denying mass joinder of all Appellants. However, we also conclude that the district court erred in dismissing the entire action for misjoinder. Therefore, we reverse the dismissal of Acevedo's claims and the claims of any Appellant who has worked at the same store as Acevedo, and remand this case to the district court.

I.

In September 2006, Lesa Proctor, Duncan Proctor, and Johnny Robbins filed an action in federal district court against Allsup's, their former employer, seeking payment of unpaid wages and overtime under the FLSA. Allsup's operates a chain of convenience stores in New Mexico, Texas, and Oklahoma. Pursuant to 29 U.S.C. § 216(b), the plaintiffs also sought to bring suit on behalf of "similarly situated" current or former employees of Allsup's. Section 216(b) only authorizes such representative actions to be filed on behalf of individuals who have given their "consent in writing to become . . . a party." 29 U.S.C. § 216(b).

We have not ruled on how district courts should determine whether plaintiffs are sufficiently "similarly situated" to advance their claims together in a single § 216(b) action.[1] Consequently, the district court looked to *Lusardi v. Xerox Corp.* for guidance. 118 F.R.D. 351 (D.N.J. 1987). "Under *Lusardi*, the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney*, 54 F.3d at 1213. First, the court determines whether the putative class

---

[1] Although we have clearly held that not all Rule 23 class action standards are applicable to § 216(b) actions, *see LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 288 (5th Cir. 1975), we have not adopted any of the varying approaches for determining whether employees' claims are sufficiently similar to support maintenance of a representative action. In *Mooney v. Aramco Services Co.*, we upheld a § 216(b) decertification but left this question open. 54 F.3d 1207, 1216 (5th Cir.1995), *overruling on other grounds recognized by Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 311 n.10 (5th Cir. 2004).

members' claims are sufficiently similar to merit sending notice of the action to possible members of the class. *Id*. at 1213-14. If they are, notice is sent and new plaintiffs are permitted to "opt in" to the lawsuit. *Id*. at 1214. Second, after discovery is largely complete and more information on the case is available, the court makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action. *Id*.

At the first stage of the certification process, the district court allowed Proctor and the two other plaintiffs to notify other Allsup's employees of their lawsuit, and more than a thousand new plaintiffs opted into their § 216(b) action. However, after discovery, in April 2008 the district court concluded that the plaintiffs' claims for unpaid overtime and wages were too dissimilar to proceed as a single representative action. Consequently, it dismissed without prejudice all plaintiffs from the case except the Proctors, and tolled the statute of limitations for thirty days to allow the dismissed plaintiffs to refile individually. A jury eventually found against the Proctors, and they opted not to appeal the judgment.

Shortly after the decertification order, counsel for the Proctors filed this lawsuit in the same court on behalf of Acevedo and each of the plaintiffs dismissed from the Proctors' suit. Acevedo and her fellow Appellants did not seek to recertify the failed class, but rather each Appellant simply brought their distinct FLSA claims on their own behalf, joined in a single lawsuit. In response, Allsup's filed a motion seeking to dismiss all Appellants except Acevedo for misjoinder under Federal Rule of Civil Procedure 21. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). The district court again concluded that Appellants' claims were too dissimilar to go forward in a single action, but it also ruled that separate lawsuits could proceed joining all Appellants who had worked at the same Allsup's store. Acevedo and her fellow plaintiffs then filed this appeal, and

we requested briefing from the parties to address whether the district court's misjoinder ruling was final and appealable under 28 U.S.C. § 1291. Soon thereafter, the district court clarified that its order was final and explicitly dismissed the claims of each Appellant.

## II.

As an initial matter, we must assure ourselves of our jurisdiction to hear this appeal. We only have jurisdiction over appeals from "final decisions." 28 U.S.C. § 1291. As noted above, when Acevedo and her fellow Appellants filed this appeal, we directed the parties to brief whether the district court's order "is a final order, pursuant to 28 U.S.C. § 1291, or whether some other jurisdictional provision applies, so that this court has jurisdiction over the appeal." In response, the parties sought an order from the district court clarifying its earlier order. Soon thereafter, in July 2009, the district court issued an order explaining that:

> On April 6, 2009, this Court issued an order that the Plaintiffs in this lawsuit cannot proceed in a single lawsuit and that Plaintiffs can only proceed on a store-by-store basis. Therefore, all Plaintiffs are hereby dismissed without prejudice to refiling their claim in accordance with the Court's April 6, 2009 Order. This is a final Order resolving all claims before the Court.

Although joinder rulings are usually not directly appealable, we conclude that the unusual circumstances of this case grant us appellate jurisdiction.

"Ordinarily orders granting or denying joinder or substitution are not final." 15B Charles Allen Wright et al., *Federal Practice and Procedure* § 3914.18 (2d ed. 2002). Such orders are usually not final because under Rule 21 "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. As such, after the claims of misjoined parties are severed or dropped, at least one plaintiff typically remains to pursue his or her claims to a final judgment. *See, e.g.*, *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) ("To

remedy misjoinder . . . a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" (quoting Fed. R. Civ. P. 21)); *Aaberg v. ACandS Inc.*, 152 F.R.D. 498, 501 (D. Md. 1994) (explaining that court will remedy misjoinder of one thousand plaintiffs in single lawsuit by "drop[ping] all but the first named plaintiff" from case). This case is atypical, however, because the district court violated Rule 21 by dismissing the claims of all plaintiffs. Due to this error, we conclude that the district court's misjoinder ruling is final and appealable, as the court's order "resolves all questions as to all parties and leaves [the] court with nothing to do but execute the judgment." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993).

This conclusion does not conflict with our prior cases holding that parties cannot create appellate jurisdiction by seeking a voluntary dismissal of their claims without prejudice. *See, e.g.*, *Marshall v. Kan. City S. Ry. Co.*, 378 F.3d 495, 500 (5th Cir. 2004) (per curiam); *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 192-93 (5th Cir. 2002). In this case, Appellants did not seek a voluntary dismissal. Instead, in response to our inquiry, they sought clarification from the district court as to the reach of its earlier order. Our previous cases refusing appellate jurisdiction have not involved such a situation; rather, they have concerned a party's explicit request on its own initiative to dismiss all remaining claims before the district court. *See Marshall*, 378 F.3d at 498; *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 300 (5th Cir. 1978), *abrogation on other grounds recognized by Fed. Sav. & Loan Ins. Corp. v. Cribbs*, 918 F.2d 557, 559 (5th Cir. 1990). Consequently, we conclude that we have jurisdiction over this appeal.

III.

Rulings on the joinder of parties are reviewed for abuse of discretion. *Jolley v. Welch*, 904 F.2d 988, 994 (5th Cir. 1990). Finding no abuse, we affirm the district court's refusal to allow Acevedo and the hundreds of other plaintiffs who have joined her in this lawsuit to proceed together against Allsup's in a single action.[2]

Rule 21 establishes that, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed R. Civ. P. 21. Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance. *See Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975). Rule 20(a)(1) provides that:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed R. Civ. P. 20. Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims. *See, e.g.*, *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds as stated in Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir.

---

[2] Allsup's asserts that Appellants are collaterally estopped from seeking joinder of all plaintiffs in a single action due to the district court's rejection in *Proctor* of their attempt to certify a class under § 216(b). Since we conclude that the district court did not abuse its discretion in denying mass joinder, we need not reach this issue.

1995). Generally, as long as both prongs of the test are met, "permissive joinder of plaintiffs . . . is at the option of the plaintiffs." *Applewhite*, 67 F.3d at 574; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, *Applewhite*, 67 F.3d at 574, ensuring judicial economy, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999), or safeguarding principles of fundamental fairness. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). In this case, the district court did not engage in its own distinct Rule 20 analysis, but rather, on the basis of its earlier "similarly situated" analysis in *Proctor*, found that "because of the dissimilarity of employee situations and factual allegations, this case cannot proceed as . . . a company wide class action."

Acevedo and her fellow Appellants contend, however, that the district court abused its discretion in not allowing their claims to go forward together. They note that in employment discrimination cases, a number of courts have held that "allegations of a 'pattern or practice' of discrimination [by an employer] may . . . satisfy [Rule 20's] same transaction requirement," thereby allowing the discrimination claims of multiple employees to be tried in a single action. *Alexander*, 207 F.3d at 1323; *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333-34 (8th Cir. 1974). Similarly, in this case, Appellants assert that Allsup's maintains company-wide policies that encourage working off the clock and that these policies provide sufficient commonality among their claims to allow them to proceed together under Rule 20.

However, assuming arguendo that Allsup's company-wide policies allow Appellants to satisfy Rule 20's transaction test, denying joinder in this case

would still not be an abuse of discretion. As explained above, district courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims. *See, e.g., Morris*, 37 F. Supp. at 851. We have previously allowed twenty-two security guards who worked at the same petroleum refinery to join their FLSA claims under Rule 20, *see Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1132-33, 1135 (5th Cir. 1984), but Acevedo fails to cite any cases in which a group of plaintiffs even remotely as numerous as 800 were able to join their claims. In *Alexander*, upon which Acevedo relies to demonstrate that joinder in this case satisfies Rule 20, the Eleventh Circuit concluded that joinder was appropriate in part because the plaintiffs were all seeking "relief based on the same series of discriminatory transactions by the same decision-maker in the same department during the same short time frame." 207 F.3d at 1324. In this case, however, the plaintiffs work or have worked across a network of more than 300 stores, each with its own manager responsible for implementing Allsup's policies. As Allsup's points out, certain plaintiffs stated in their depositions that they were told by their managers that working off the clock was forbidden, while others indicated that they were only asked to work off the clock by certain managers and not others. Consequently, working conditions do not appear to have been uniform at all Allsup's stores. The district court was within its wide discretion to conclude that trying these claims together would be too challenging logistically, given the divergent working conditions at each store and the different defenses applicable to each plaintiff's claims.[3]

---

[3]     Acevedo and her fellow Appellants also assert that we should direct the district court to certify a class under § 216(b), but they have waived this argument. Appellants only raise this issue obliquely in their opening brief, if at all, and do not provide any briefing in support of this argument until their reply brief. We have previously held that "[a]n argument first supported in a reply brief comes too late because the appellee is not entitled thereafter to respond." *Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 927 (5th Cir. 2008). Furthermore, Appellants did not properly raise this argument below. Their complaint does

No. 09-10417

IV.

As noted above, since Rule 21 establishes that "[m]isjoinder of parties is not a ground for dismissing an action," the district court erred when it dismissed this entire action, rather than simply dismissing the claims of any misjoined plaintiffs. Fed. R. Civ. P. 21; *see also Clay v. Martin*, 509 F.2d 109, 113 (2d Cir. 1975) ("[T]he presence of 'improper parties' [is] an invalid basis for dismissal of [a] complaint. Misjoinder . . . does not justify such an extreme sanction."); *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) ("Misjoinder or non-joinder of parties is not ground for dismissal. . . . The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right."). Consequently, we reverse the district court's dismissal of Acevedo's claims and remand this case to the district court. Additionally, since the district court concluded that Appellants could join their claims on a store-by-store basis, and Allsup's does not contest this ruling on appeal, the district court should also reinstate the claims of any Appellant who worked at the same store as Acevedo.

V.

Consequently, we AFFIRM the district court's ruling that all Appellants cannot join in a single action against Allsup's, REVERSE its dismissal of this entire action, and REMAND this case to the district court for further proceedings consistent with this opinion.

---

not seek certification of a representative action under § 216(b); instead, Appellants only brought their claims on their own behalf.