# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

—————

No. 16-40057

—————

CARLOS REYNA, individually and on behalf of all other similarly situated,

Plaintiff - Appellee

v.

INTERNATIONAL BANK OF COMMERCE,

Defendant - Appellant

—————————

Appeal from the United States District Court
for the Southern District of Texas

—————————

Before KING, SMITH, and COSTA, Circuit Judges.

KING, Circuit Judge:

Plaintiff–Appellee Carlos Reyna brought an action on his own behalf and on behalf of other similarly situated individuals against his former employer, Defendant–Appellant International Bank of Commerce, contending that IBC violated the Fair Labor Standards Act by failing to pay proper overtime rates. IBC moved to compel arbitration of Reyna's claim, but the district court denied the motion, concluding that it could not consider the applicability of any arbitration agreement until later in the certification process for a FLSA collective action. IBC now brings this interlocutory appeal, arguing that the district court erred in denying its motion to compel arbitration. For the following reasons we REVERSE the district court's denial of the motion to

No. 16-40057

compel arbitration and REMAND the case to the district court with instructions to refer the dispute to arbitration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2015, Plaintiff–Appellee Carlos Reyna filed suit against Defendant–Appellant International Bank of Commerce (IBC) alleging that IBC violated the Fair Labor Standards Act (FLSA) by failing to properly pay overtime to its bank teller employees. From July 2012 through August 2013, Reyna was employed as a bank teller by IBC. Reyna alleged that when he worked overtime, IBC only paid him "a rate of one-half times his regular rate," rather than the "premium overtime pay at a rate of not less than one and one-half times his regular rate of pay" required by the FLSA. *See* 29 U.S.C. § 207(a) (requiring that employees receive "a rate not less than one and one-half times the regular rate at which [the employee] is employed" for overtime hours). He also sought to bring his suit as a collective action pursuant to the FLSA.[1] *See* 29 U.S.C. § 216(b). Such collective actions under the FLSA usually proceed in two stages, a conditional certification stage and a final certification stage.[2] 7B

---

[1] The FLSA permits an individual to bring a collective action "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). A similarly situated employee may become a party plaintiff to the collective action only if "he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The FLSA grants courts "the requisite procedural authority" to facilitate the opt-in of potential plaintiffs into a collective action. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989). The court therefore oversees the joinder of additional parties to the collective action by issuing court-authorized notice to potential plaintiffs in order "to assure that the task is accomplished in an efficient and proper way." *Id.*

[2] The first stage begins when the plaintiff moves for conditional certification of the collective action. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008). The district court must "determine[] whether the putative [collective] members' claims are sufficiently similar to merit sending notice of the action to possible members of the [collective]." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). If it finds sufficient similarity, the district court conditionally certifies the collective and orders that notice be provided to potential opt-in plaintiffs. *Id.* The second stage of the collective action typically begins when the employer moves to decertify the collective, which usually occurs after discovery is complete. *Sandoz*, 553 F.3d at 915 n.2. The district court

2

No. 16-40057

Charles Alan Wright et al., *Federal Practice & Procedure* § 1807 (3d ed. 2016).
Reyna defined his proposed collective as:

> All persons who are or have been employed by IBC as Bank Tellers,
> or other job titles performing similar job duties, who did not receive
> premium overtime pay at a rate of not less than one and one-half
> times the regular rate of pay when they worked more than forty
> (40) hours in a week, at any time from three years prior to the filing
> of this Complaint and through the entry of final judgment . . . .

On November 13, 2015, IBC moved to dismiss Reyna's complaint or, in
the alternative, moved to compel arbitration, strike class claims, and stay or
dismiss the proceeding. IBC argued that Reyna agreed to be bound by IBC's
Open Door Policy for Dispute Resolution (the Policy), which provides that the
"exclusive remedy for challenging employment actions" is a four-step grievance
process, culminating in binding arbitration. The Policy states that it applies
to "all disputes arising out of [the employee's] relationship with IBC or any IBC
Entity, including but not limited to . . . [c]laims regarding wages or other
compensation due under the [FLSA] . . . including, . . . claims for non-payment
or untimely payment of wages and overtime . . . ." The policy does not mention
FLSA collective actions but does provide that employees may bring class
actions "only . . . upon the agreement of all the parties." The Policy contains a
delegation clause giving the arbitrator "the exclusive authority" to both
"determine the arbitrability of any dispute" and "resolve any dispute relating
to the interpretation, applicability, enforceability or formation of the [Policy]."
Finally, the Policy forecloses employees from seeking remedies for covered
claims outside of the four-step grievance process, instructing:

---

must then "make[] a final determination of whether all plaintiffs are sufficiently similarly
situated to proceed together in a single action." *Acevedo*, 600 F.3d at 519. "If so, the collective
action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the
named plaintiff's original claims." *Id.*

> By continuing or beginning employment after the effective date [of the Policy], you are agreeing that this Policy shall be your <u>exclusive</u> remedy for challenging employment actions and seeking redress for all claims covered by this Policy. In so agreeing, you are also <u>waiving</u> your right to seek any remedy for those claims covered by this Policy outside of the grievance and arbitration procedures established by this Policy.

In its motion, IBC contended that the suit should be dismissed because Reyna failed to exhaust the four-step grievance process provided for in the Policy or, alternatively, that the district court should compel arbitration of Reyna's FLSA claim per the terms of the Policy. IBC also argued that any compelled arbitration must be done on an individual basis because both parties did not consent to bringing the claim as a collective action, as required under the Policy. Reyna opposed the motion, arguing that "[i]n collective action suits brought under the FLSA, courts rule on first-stage conditional certification and notice *before* ruling on the validity and enforceability of any purported arbitration agreement."

After converting IBC's motion to a motion for summary judgment, the district court held a hearing on the motion on January 6, 2016. After hearing the parties' arguments, the district court denied IBC's motion. The district court agreed with Reyna that "at this stage [of the litigation] the only issue is whether the plaintiff is similarly situated to potential class members so that notice should be authorized." The district court declined to address the merits of whether Reyna should be compelled to arbitrate his claim because the question of whether the Policy requires arbitration is a "merits-based argument" that should not be addressed until "the second stage" of the FLSA collective action litigation. Based on the district court's refusal to send the matter to arbitration, IBC timely filed its notice of interlocutory appeal

No. 16-40057

pursuant to the Federal Arbitration Act (FAA).[3]    Despite subsequent developments in the case,[4] our review on appeal is limited to whether the district court erred in denying IBC's motion to compel arbitration.

## II.    ARBITRABILITY

IBC argues that the district court erred in denying its motion to compel Reyna to arbitrate his claim.  "We review a district court's denial of a motion to compel arbitration . . . de novo." *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 196 (5th Cir. 2015).  We agree with IBC that, upon being presented with IBC's motion to compel arbitration, the district court was required to address the arbitrability of Reyna's claim at the outset of the proceedings, prior to considering conditional certification.  We also conclude that the Policy required that Reyna's claim be referred to arbitration for determination of arbitrability issues.

### A. Arbitrability is a gateway issue

Reyna argues that district courts "consistently" conditionally certify a collective action *before* determining the arbitrability of a claim, but the cases he relies on have distinct procedural postures from that at issue here. In particular, he cites cases where (1) the district court declined to determine the validity of arbitration agreements with *potential opt-in plaintiffs*, not

---

[3] Under the FAA, "a party may seek interlocutory review of 'an order . . . denying an application . . . to compel arbitration.'" *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 419 (5th Cir. 2014) (quoting 9 U.S.C. § 16(a)(1)(C)).  On this interlocutory appeal we do not consider the district court's denial of IBC's motion for summary judgment. *See Tamez v. City of San Marcos*, 62 F.3d 123, 124 (5th Cir. 1995) ("Generally, this Court does not have jurisdiction over interlocutory appeals of the denial of motions for summary judgment because such pretrial orders are not 'final decisions' for the purposes of 28 U.S.C. § 1291.").

[4] After IBC filed its notice of appeal, the district court granted Reyna's motion to conditionally certify the proposed collective and issue notice to potential opt-in plaintiffs. IBC then moved to stay further proceedings in the district court pending appeal, which this court granted on September 1, 2016.  At oral argument both Reyna and IBC stated that no notice had been sent to potential opt-in plaintiffs.  Therefore Reyna remains the only named plaintiff in the suit.

No. 16-40057

arbitration agreements with the sole named plaintiff;[5] (2) the named plaintiff was potentially covered by an arbitration agreement, but the defendant failed to move to compel that plaintiff to arbitrate his claim;[6] (3) the court was not addressing a motion to compel arbitration;[7] and (4) the district court had already compelled those named plaintiffs who had signed arbitration agreements to arbitrate their claims but nonetheless granted conditional certification of the collective because there existed at least one remaining plaintiff not subject to arbitration.[8]

None of the cases cited by Reyna presented the same posture as this case: a defendant who promptly moved to compel the sole plaintiff to arbitrate his claim, pursuant to an arbitration agreement that undisputedly exists. Those courts that have addressed cases with similar postures are in agreement that "whether the named plaintiffs must arbitrate their claims should be decided

---

[5] *See Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 645–48 (S.D.N.Y. 2013); *Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360, 2012 WL 6720734, at *2 (E.D.N.Y. Dec. 27, 2012); *Green v. Plantation of La., LLC*, No. 2:10-0364, 2010 WL 5256348, at *1 & n.4 (W.D. La. Dec. 15, 2010); *Ali v. Sugarland Petroleum*, No. 4:09-CV-0170, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003).

[6] *See Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 818 (W.D. Mo. 2005) ("In the present matter, defendants have not moved to compel arbitration at all, although the case has been pending for over a year.").

[7] *See Hernandez*, 2012 WL 6720734, at *1 (denying defendants' request to set aside an order granting plaintiffs' motion for conditional certification); *Krstic v. J.R. Contracting & Envtl. Consulting*, No. 09-2459, 2011 WL 1042732, at *2 (D.N.J. Mar. 6, 2011) ("Defendants contend that this case should be dismissed in its entirety . . . because Plaintiffs signed arbitration agreements . . . ."); *Mowdy v. Beneto Bulk Transp.*, No. C06-05682, 2008 WL 901546, at *1 (N.D. Cal. Mar. 31, 2008) ("Now before this court is plaintiffs' motion for approval of . . . notice and conditional certification of an FLSA opt-in class . . . .").

[8] *See Bowman v. Doe Run Res. Corp.*, No. 4:13-CV-2519, 2014 WL 3579885, at *7 (E.D. Mo. July 21, 2014) (granting smelters' motion for conditionally certifying a collective action after compelling several named smelters to arbitrate their claims); *D'Antuono v. C & G of Groton, Inc.*, No. 3:11-cv-33, 2011 WL 5878045, at *2, *6 (D. Conn. Nov. 23, 2011) (granting the remaining representatives' motion to conditionally certify after the other representatives were compelled to arbitrate their claims).

well before the nationwide notification issue is reached." *Carter v. Countrywide Credit Indus., Inc.*, 189 F. Supp. 2d 606, 618 (N.D. Tex. 2002), *dismissed on other grounds*, 57 F. App'x 212 (5th Cir. 2003); *see also, e.g.*, *White v. Turner*, No. H-15-1485, 2016 WL 1090107, at *3–6 (S.D. Tex. Mar. 21, 2016) (rejecting plaintiffs' argument that the court should defer consideration of arbitration agreements until after the conditional certification stage); *Dixon v. NBCUniversal Media, LLC*, 947 F. Supp. 2d 390, 405–06 (S.D.N.Y. 2013) (denying the motion for conditional certification as moot because the only named plaintiff "ha[d] agreed to arbitrate her FLSA claims, and ha[d] waived the right to bring a collective action with regard to those claims"). We therefore disagree with Reyna's argument that courts typically delay consideration of the arbitrability of a claim until after conditional certification is granted.

In addition, we have instructed that a district court must consider an agreement to arbitrate as a "threshold question." *Auto Parts*, 782 F.3d at 196. To hold otherwise would present a justiciability issue: a court could conditionally certify a collective action solely on the basis of a claim that the plaintiff was bound to arbitrate and was therefore barred from bringing in court in the first place. *Cf. James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001) ("If the litigant fails to establish standing, he or she may not seek relief on behalf of himself or herself or any other members of the class." (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Furthermore, deciding whether Reyna should be compelled to arbitrate his FLSA claim prior to conditional certification more closely aligns with the "national policy favoring arbitration" embodied by the FAA. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)); *see also Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) ("[T]here is a strong presumption in favor of arbitration . . . ."). Accordingly we have instructed that "a court is required to enforce a party's

commitment to arbitrate his federal statutory claims." *Id.* We conclude that the district court erred when it deferred deciding the "threshold question" of whether Reyna is required to arbitrate his claims until after the conditional certification stage. *Auto Parts*, 782 F.3d at 196. Upon a motion to compel arbitration, a court should address the arbitrability of the plaintiff's claim at the outset of the litigation.

### B. Only the arbitrator has the authority to decide issues of arbitrability

Having concluded that the district court was required to consider the arbitrability of Reyna's claim before conditionally certifying the collective, we now turn to the issue of who has authority to determine arbitrability. Because IBC contends that the Policy contains a delegation clause, we apply the framework outlined in *Kubala v. Supreme Production Services, Inc.* for analyzing arbitration agreements that contain a delegation clause. — F.3d —, —, 2016 WL 3923866, at *2 (5th Cir. July 20, 2016). Under this framework, if a party asserts that an arbitration agreement contains a delegation clause, this court only asks (1) whether the parties entered into a valid arbitration agreement and, if so, (2) whether the agreement contains a valid delegation clause. *Id.* "If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Id.*

First, it is undisputed that Reyna and IBC entered into a valid arbitration agreement. Reyna has not denied signing the Policy nor has he raised any challenges to the validity of the Policy either before the district court or on appeal. And we have long recognized that FLSA claims are subject to arbitration. *Carter*, 362 F.3d at 298. Second, the arbitration agreement between IBC and Reyna contains a valid delegation clause. A delegation clause is a provision in an arbitration agreement that "transfer[s] the power to decide threshold questions of arbitrability to the arbitrator." *Kubala*, 2016 WL

3923866, at \*1.  The Supreme Court "ha[s] recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010).  The delegation clause in the Policy provides: "The arbitrator(s) shall have the exclusive authority to determine the arbitrability of any dispute which the employee or the employer asserts is subject to the [Policy]."  It also grants the arbitrator "the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of the [Policy]."  This language is strikingly similar to the delegation clause in the arbitration agreement at issue in *Rent-A-Center*, which provided: "The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this [arbitration] Agreement . . . ." *Id.* at 66.  In that case, the Supreme Court concluded that the clause clearly evinced an intent by the parties to delegate the authority to decide arbitrability issues to the arbitrator. *Id.* at 69–70.  Similarly here the Policy contains a valid delegation clause that delegates the authority to resolve arbitrability disputes to the arbitrator. *See Kubala*, 2016 WL 3923866, at \*4 (relying on similarity between the language of the clause in *Rent-A-Center* and the clause at issue in that case to conclude that clause was a valid delegation clause).  Because the arbitration agreement contains a delegation clause, any disputes about the arbitrability of Reyna's claim or the scope of the arbitration agreement[9] must be decided by the

---

[9] Reyna contends, for the first time on appeal, that the Policy does not apply to FLSA collective actions because it only explicitly mentions "class actions."  Because Reyna failed to raise this argument in the district court, we consider it waived. *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008).  But even were we to consider this argument, the Policy's silence on the permissibility of collective actions does not counsel against compelling arbitration of Reyna's claim because the Policy's delegation clause

No. 16-40057

arbitrator, not the courts.[10]  Accordingly, the district court erred in denying IBC's motion to compel arbitration.

### III.   CONCLUSION

We REVERSE the judgment of the district court and REMAND the case to the district court with instructions to refer the dispute to arbitration.  The stay pending appeal issued by this court on September 1, 2016 is VACATED when this court's mandate issues.

---

requires that any dispute over the scope of the Policy be determined by the arbitrator, not the courts.

[10] For this reason we are foreclosed from considering IBC's argument that the district court erred in denying the motion to compel arbitration because the arbitrator should have determined whether Reyna adequately participated in the Policy's mandatory four-step grievance process.  Under the delegation clause, questions of arbitrability are for the arbitrator alone.  Our only basis for finding that the district court erred is the existence of the delegation clause.