# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2021

Lyle W. Cayce
Clerk

No. 18-51041
Summary Calendar

Danny A. Hillman,

*Plaintiff—Appellant*,

*versus*

Stuart Jenkins; Michelle Hillman; David G. Gutierrez; Bryan Collier; Director Brad Livingston; Parnell McNamara,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-310

---

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Danny A. Hillman, Texas prisoner # 647683, appeals the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of his 42 U.S.C. § 1983 complaint challenging the defendants' alleged unconstitutional and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

illegal conduct during his parole supervision and at his parole revocation hearing. The district court determined, inter alia, that Hillman's claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and by the applicable two-year statute of limitations.

A dismissal under § 1915(e)(2)(B)(ii) is reviewed de novo under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). In reviewing a Rule 12(b)(6) motion, we "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

First, to the extent that Hillman argues that the defendants' actions and his conduct in response ultimately led to the decision to revoke his parole, the record does not support his contention that his parole revocation has been invalidated, and he therefore fails to demonstrate any error in the district court's determination that those claims are barred under *Heck*. *See Heck*, 512 U.S. at 487. Second, even if any of Hillman's claims were not barred by *Heck*, they were barred by the applicable two-year statute of limitations. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). We are unpersuaded by his timeliness arguments based on letters from the Texas Board of Pardons and Paroles, a continuing tort theory, the application of different limitations periods, or equitable tolling based on his alleged drug use and mental deficiencies or his alleged fear of retaliation. *See Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002); *Hand v. Stevens Transp., Inc. Empl. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App. 2002). In light of the foregoing, we need not consider any of the district court's remaining bases for dismissal.

Next, Hillman fails to demonstrate that the district court erred in denying motions to join his parents as additional plaintiffs, *see Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998), or to amend or supplement his complaint, *see* FED. R. CIV. P. 15(a), (d); *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995); *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991). Although Hillman challenges the district court's denial of his motion to appoint counsel, he has not demonstrated exceptional circumstances showing that the district court abused its discretion in denying the motion. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Finally, his argument that the district court mischaracterized his claims as habeas claims is not supported by the record.

Accordingly, the district court's judgment is AFFIRMED. All outstanding motions are DENIED.