# United States Court of Appeals
# for the Fifth Circuit

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2025

Lyle W. Cayce
Clerk

No. 24-60410

—————————

Odom Industries, Incorporated; Donna S. Odom;
Carmen Denise James; Debra Kaye McMichael;
Alexander Odom; 3D Properties, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

Sipcam Agro Solutions, L.L.C.; Sipcam Agro USA,
Incorporated,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-376

———————————————————————

Before Stewart, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Ours is a system of ordered procedure. It begins with jurisdiction. Once that threshold is crossed, a district court must address motions in the sequence that the law demands. When a motion to compel arbitration is

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60410

pending and jurisdiction is secure, that motion comes first. The Federal Arbitration Act (the "FAA") says so and has for nearly a century.

Here, Odom Industries, Inc. and its affiliates ("Odom") entered into an Asset Purchase Agreement (the "Agreement") with Sipcam Agro USA, Inc. and its related entities ("Sipcam"). After a dispute arose, Odom sued in Mississippi state court. Sipcam removed the case to federal court and moved to compel arbitration. Odom moved to remand, invoking the Agreement's forum-selection clause. The district court granted remand without first deciding the arbitration motion.

But the district court had subject-matter jurisdiction, and the remand motion did not challenge it. That should have ended the inquiry. The court was required to decide the motion to compel first. It did not. We REVERSE and REMAND so that it may do so.

I

All plaintiffs except 3D Properties had entered into the Agreement with Sipcam Agro Solutions, LLC for the sale of Odom Industries' chemical formulation, packaging, and warehousing business.

The Agreement contains two relevant provisions: Section 7.08(b) requires arbitration of "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof," and incorporates the Commercial Arbitration Rules of the American Arbitration Association. Section 7.08(a) includes a forum-selection clause. It provides that, "[n]otwithstanding anything else in Section 7.08(b)," any suit or proceeding arising from the breach of a party's covenant must be filed and maintained in a Mississippi state court located in Hinds County.

After Sipcam submitted an indemnity demand, Odom filed suit in the Circuit Court of Hinds County. The complaint alleged four claims: piercing

2

the corporate veil, breach of contract, breach of the duty of good faith and fair dealing, tortious breach of contract. Odom also sought a declaratory judgment. Sipcam removed the case and moved to compel arbitration and stay proceedings. Odom moved to remand, citing the Agreement's forum-selection clause.

The district court granted the motion to remand, concluding that Section 7.08(a) waived Sipcam's right to remove. The district court denied the motion to compel arbitration "without prejudice to its re-urging in state court." The court addressed the arbitration clause only in passing. Its reasoning focused entirely on the forum-selection clause. Thereafter, Sipcam timely appealed.

## II

When a district court remands an action to state court due to its interpretation of a "contractual forum[-]selection clause," the case is "immediately appealable." *Dynamic CRM Recruiting Sols., LLC. v. UMA Educ., Inc.*, 31 F.4th 914, 917 (5th Cir. 2022) (citing *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)). We review that decision *de novo. See All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008).

## III

The issue before us is whether the district court ruled on Odom's motion to remand before it ruled on Sipcam's motion to compel arbitration.

The parties' dispute centers on which provision of the Agreement controls: Section 7.08(a)—the forum-selection clause—or Section 7.08(b)—the arbitration clause. Sipcam argues that the district court impermissibly skipped over the arbitration clause within Section 7.08(b) when it denied its motion to compel arbitration and remanded to the state court. Odom

contends that because Sipcam waived its removal rights through the forum-selection clause, the district court properly went no further; rather, only a Mississippi state court could compel arbitration of these claims. It also posits that the motion to remand was a "jurisdictional motion." We disagree with Odom here.

We start with jurisdiction. Federal courts have limited jurisdiction. *Ashley v. Clay Cnty.*, 125 F.4th 654, 659 (5th Cir. 2025) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Presumptively, causes of action fall outside the limited jurisdiction of federal courts; the burden lies on the parties to establish jurisdiction's existence." *Id.* (internal quotations omitted).

But federal jurisdiction was never in doubt here. The parties were diverse, and the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a). The district court found no reason to question its jurisdiction, and none existed. *See Odom Indus., Inc. v. Sipcam Agro Sols., LLC*, No. 3:24-CV-376-CWR-LGI, 2024 WL 3811640, at *1 (S.D. Miss. Aug. 6, 2024) (unpublished) ("There is no dispute that the parties are completely diverse and that the amount in controversy exceeds $75,000."). The district court, therefore, did not remand this case due to a jurisdictional defect. Instead, the district court remanded on contractual grounds. It held that the Agreement's forum-selection clause in Section 7.08(a) waived Sipcam's right to remove the case to federal court. That clause, it reasoned, required any dispute arising out of the alleged breach of a party's covenant to be "filed and maintained" in Hinds County, Mississippi state court. Because this dispute fell within the Agreement's forum-selection clause, the district court concluded that the removal was improper.

While this reasoning is plausible as a matter of contract enforcement, a forum-selection clause does not deprive a district court of subject-matter

jurisdiction. *See Waters*, 252 F.3d at 797 ("When a district court remands a suit relying on a contractual forum[-]selection clause, that decision is not based on lack of subject-matter jurisdiction." (citing *McDermott Int'l, Inc. v. Lloyds Underwriters,* 944 F.2d 1199, 1201 (5th Cir. 1991)). As mentioned, the district court here had subject matter jurisdiction over this case, and its remand order rested not on a jurisdictional defect, but on a contractual limitation.

That distinction matters. Under the FAA, once jurisdiction is secured and a motion to compel arbitration is before the court, the court must act on it. "[T]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall" compel arbitration. 9 U.S.C. § 4. The Supreme Court has remarked that, "[b]y its terms, the [Federal Arbitration] Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). That directive is mandatory. Explained differently, a district court typically must resolve a motion to compel arbitration before taking other action in a case. *See Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 378 (5th Cir. 2016) ("Upon a motion to compel arbitration, a court should address the arbitrability of the plaintiff's claim at the outset of the litigation."); *Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, LLC*, 782 F.3d 186, 196 (5th Cir. 2015) (holding that a district court must consider an agreement to arbitrate as a "threshold question" (internal citation omitted)); *Texaco Exploration v. AmClyde Engineered Prods. Co.,* 243 F.3d 906, 909 (5th Cir.2001) (holding that a motion to compel arbitration "requests the district court refrain from further action in a suit pending arbitration, and requires the court to first determine whether there is a

written agreement to arbitrate between the parties, and then whether any of the issues raised are within the reach of the agreement").[1]

An exception exists. A court must resolve jurisdictional issues before resolving a motion to compel arbitration. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (recognizing that jurisdictional issues should generally be resolved first). "Motions to compel arbitration are not one of the limited instances in which district courts have leeway to pretermit the resolution of jurisdictional challenges." *Hines v. Stamos*, 111 F.4th 551, 566 (5th Cir. 2024). "This rule rests on an axiom: '[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).'" *Ashley*, 125 F.4th at 661 (quoting *Sinochem Int'l Co.*, 549 U.S. at 430–31). Thus, a court must address a motion to compel arbitration before other non-jurisdictional issues.

Here, the district court had subject-matter jurisdiction. The Agreement's forum-selection clause did not change that. *See Waters*, 252 F.3d at 797. Because its remand order did not concern jurisdiction, the district court was required to resolve Sipcam's motion to compel arbitration before addressing the motion to remand. *Reyna*, 839 F.3d at 378. It did not. That was an error. Thus, we hold that the district court erred in deciding Odom's motion to remand, which was based on a forum selection clause, before resolving Sipcam's motion to compel arbitration. It was required to resolve the motion to compel arbitration "at the outset of the litigation." *Id.*

---

[1] *See also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (holding that a district court erred when "the court refused to consider the merits of the motion to compel arbitration because of the pending venue challenge").

Odom responds that the only issue properly before us is the remand order, not the motion to compel arbitration. That is correct. The district court declined to address arbitrability, and so do we. "Ours is a 'court[ ] of review, not of first view,' and we adhere to that principle as both a matter of judicial restraint and sound policy." *Ashley*, 125 F.4th at 662 n.5 (quoting *Utah v. Su*, 109 F.4th 313, 320 (5th Cir. 2024)).

Even setting aside the sequencing error, Odom's motion to remand was flawed. A forum-selection clause does not strip us of jurisdiction conferred by statute. "Parties may neither confer subject matter jurisdiction on the [federal] court nor strip it of such jurisdiction by agreement or waiver." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 786 (5th Cir. 2012) (quoting *Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993)) (cleaned up). Nor was a motion to remand the right tool. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). The clause here pointed to a Mississippi state court. Based on this, the district court here should have evaluated the forum selection clause through the lens of *forum non conveniens*. It did not.[2]

Given these reasons, we remand this case to the district court so that it may address Sipcam's motion to compel arbitration in the first instance,

---

[2] Under these circumstances, a district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (reasoning that 28 U.S.C. § 1404(a) "authorizes a district court for the convenience of the parties and witnesses, in the interests of justice[,] to move venue to any other district or division where the suit might have been brought" (cleaned up)). This rule also applies to issues relating to the doctrine of *forum non conveniens*. *Cf. Fintech Fund, F.L.P. v. Horne*, 836 F. App'x 215, 222-23 (5th Cir. 2020) (observing that the district court in that case *sua sponte* raised the *forum non conveniens* issue based on a forum selection clause).

No. 24-60410

including the issue of whether the arbitrator is to decide whether the case should be sent to arbitration.[3]

## IV

For the reasons stated herein, we REVERSE the district court's order denying the motion to compel arbitration and remanding the case to state court. We REMAND for proceedings consistent with this opinion.

---

[3] Sipcam contends that the contract's reference to the American Arbitration Association incorporates rules granting the arbitrator authority to decide questions of arbitrability.