# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60640

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2017

Lyle W. Cayce
Clerk

RONALD SAYLES,

      Plaintiff - Appellee

v.

ADVANCED RECOVERY SYSTEMS, INCORPORATED,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before SMITH, PRADO, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Appellant Advanced Recovery Systems, Inc. ("ARS") appeals the district court's grant of summary judgment to Appellee Robert Sayles on grounds that ARS violated § 807(8) of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8). We AFFIRM the district court's judgment.

## BACKGROUND

ARS is a consumer debt-collection agency. In June and September 2013, ARS sent Sayles notices regarding two allegedly unpaid debts to St. Dominic's Hospital in Jackson, Mississippi. Sayles does not remember receiving the

No. 16-60640

notices. He contends that he first became aware of the unpaid debts in February 2014 when he ran his credit report.

On March 5, 2014, Sayles faxed a letter to ARS, disputing the validity of the debts.[1] He received no response. On April 16, 2014, Sayles ran his credit report again. The new report showed that ARS had updated his debt information after receiving his dispute letter, but it had failed to mark the St. Dominic's debts as "disputed." Sayles sued ARS, alleging that it had violated § 807(8) of the FDCPA.

After Sayles initiated his claim, the parties engaged in discovery and filed cross-motions for summary judgment. During a status conference, the parties represented to the district court that no factual issues remained. The court then dismissed the parties' cross-motions for summary judgment without prejudice and directed them to brief the sole remaining legal issue: "[W]hether a violation of [§ 807(8)] is contingent upon compliance with the validation and dispute requirements contained in [§ 809 of the FDCPA,] 15 U.S.C. § 1692g." On August 26, 2016, the district court entered judgment for Sayles, finding that ARS had violated § 807(8) of the FDCPA, and that § 807(8) does not incorporate the validation and dispute requirements found in § 809. ARS timely appeals from the district court's judgment.

## STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *See Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 448 (5th Cir. 2007).

---

[1] Sayles' letter stated: "Be advised, this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809(b) that your claim is disputed and validation is requested."

No. 16-60640

## DISCUSSION

ARS contends that the district court granted summary judgment to Sayles *sua sponte* without following the procedures stated in Fed. R. Civ. P. 56(f). ARS also contends that the district court erred by finding that ARS had violated § 807(8). Finally, ARS contends that, even if it violated § 807(8), Sayles did not suffer a concrete injury, and thus he lacked Article III standing to bring the suit. None of these arguments are persuasive.

### I.     The district court did not violate Fed. R. Civ. P. 56(f)

The district court did not violate Rule 56(f), which states that "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Here, the district court gave the parties adequate notice of, and a reasonable time to respond to, its intention to consider summary judgment. It did so by dismissing the parties' cross-motions for summary judgment and directing them to submit simultaneous briefing on the sole remaining legal issue: whether § 807(8) is contingent upon compliance with the validation and dispute requirements contained in § 809.

Furthermore, even assuming *arguendo* that the district court erred, "the harmless error doctrine applies to lack of the notice required by" Rule 56(f). *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1398 (5th Cir. 1994) (quoting *Powell v. United States*, 849 F.2d 1576, 1580 (5th Cir. 1988)). In the Rule 56(f) context, an "error in notice is harmless

if the nonmoving party admits that he has no additional evidence . . . ." *Id.* (quoting *Powell*, 849 F.2d at 1582). Here, before the district court ruled in Sayles' favor, ARS represented that no factual disputes remained. Because ARS "admit[ted] that [it] ha[d] no additional evidence," any error was harmless. *Id.*

## II.    ARS's failure to communicate to credit bureaus that Sayles disputed his debts violated § 807(8) of the FDCPA, 15 U.S.C. § 1692e(8)

The district court did not err when it found that ARS violated § 807(8) of the FDCPA. Section 807(8) states that a debt collector may not "[c]ommunicat[e] or threaten[] to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." ARS concedes that it failed to communicate to credit bureaus that Sayles' "disputed debt [was] disputed." *Id.* ARS contends, however, that it did not have to report the dispute to credit bureaus, because § 807(8) incorporates § 809's debt dispute and validation requirements, and Sayles did not satisfy those requirements.

While ARS is correct that Sayles did not satisfy § 809's requirement that consumers must dispute their debts in writing within thirty days after receiving notice from a debt collector, that requirement does not carry over to § 807(8). In *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 67 (1st Cir. 1998), the First Circuit correctly stated that, while § 809 gives requirements for when a debt collector must verify and cease collecting on disputed debts, § 807(8) "merely requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history."

No. 16-60640

Moreover, the plain language of § 807(8) contradicts ARS's argument that the requirements in § 809 carry over to § 807(8). In *Brady*, the First Circuit explained:

> If the meaning of "disputed debt" as used in [FDCPA § 809(b), 15 U.S.C.] § 1692g(b) carried over to [FDCPA § 807(8), U.S.C.] § 1692e(8), then, in order to trigger the limited protection of [§ 807(8)], a consumer would be required to submit written notice to a debt collector within the initial thirty-day period. But the plain language of [§ 807(8)] requires debt collectors to communicate the disputed status of a debt if the debt collector "knows or should know" that the debt is disputed. This "knows or should know" standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired. Applying the meaning of "disputed debt" as used in [§ 809(b)] to [§ 807(8)] would thus render the provision's "knows or should know" language impermissibly superfluous.

*Id.* Because § 809's debt dispute and verification requirements do not carry over to § 807(8), the district court did not err.[2] *Id.*

## III.   Sayles satisfies the elements of Article III standing

The district court did not err when it found that Sayles satisfied the elements of Article III standing. For a plaintiff to have standing, she "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

---

[2] The plain language of § 807(8) also contradicts ARS's broader argument that myriad regulations related to consumer protection, including the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. §§ 1601-1693r, evidence Congress's intent "to protect consumers against disputed debts only where the dispute was *material*." "[W]here the language of an enactment is clear, and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended." *United States v. Mo. Pac. R.R. Co.*, 278 U.S. 269, 278 (1929). Here, § 807(8) clearly required that ARS communicate to credit bureaus that Sayles' disputed debt was disputed.

No. 16-60640

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). ARS concedes that the district court correctly determined that Sayles satisfied the second and third prongs. But ARS claims that Sayles did not suffer, nor did he risk suffering, a concrete injury as is required under *Spokeo*.

In *Spokeo*, 136 S. Ct. at 1548, the Supreme Court reiterated that "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." However, it also stated that "'[c]oncrete' is not . . . necessarily synonymous with 'tangible.'" *Id*. at 1549. Instead, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id*. "Among those circumstances are cases where a statutory violation creates the 'risk of real harm.'" *Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) (quoting *Spokeo*, 136 S. Ct. at 1549). Here, ARS's § 807(8) violation exposed Sayles to a real risk of financial harm caused by an inaccurate credit rating. *See Spokeo*, 136 S. Ct. at 1549; *see also Bowse*, 218 F. Supp.3d at 749 ("Unlike an incorrect zip code, the 'bare procedural violation' in *Spokeo*, an inaccurate credit rating creates a substantial risk of harm."). Consequently, the district court did not err when it determined that Sayles' injury was concrete and that he satisfied all elements of standing. *See Spokeo*, 136 S. Ct. at 1547.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.