# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20817

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2018

Lyle W. Cayce
Clerk

NAGRAVISION SA,

Plaintiff - Appellee

v.

GOTECH INTERNATIONAL TECHNOLOGY LIMITED; ZHUHAI GOTECH INTELLIGENT TECHNOLOGY COMPANY LIMITED,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

REAVLEY, Circuit Judge:

Nagravision SA ("Nagravision") filed suit against Zhuhai Gotech Intelligent Technology Co. Ltd. and Gotech International Technology Ltd. (collectively, "Gotech") in the Southern District of Texas, alleging violations of the Digital Millennium Copyright Act ("DMCA") and the Federal Communications Act ("FCA").[1]  Nagravision is a Swedish company, Gotech Chinese.  Gotech knowingly chose to ignore the lawsuit and even the ensuing $100 million-plus default judgment.  It did nothing at all until Nagravision

---

[1] A third defendant, Globalsat International Technology Ltd. is not a party to the appeal.

No. 16-20817

took its judgment to a Hong Kong court, initiated enforcement proceedings, and succeeded in freezing Gotech's assets. Then Gotech decided to litigate in the Southern District of Texas after all, filing a motion under Rule 60(b) for relief from the default judgment. The district court denied that motion, and Gotech appeals. We affirm.

Gotech moved under Rule 60(b)(1) and Rule 60(b)(4), but only its arguments pertaining to the latter rule merit discussion.[2] Under Rule 60(b)(4), a judgment must be set aside if it is void. *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986). Gotech asserts that the judgment is void for a plethora of reasons. We examine each one.

**(1) Standing.** Gotech contends that Nagravision lacked standing to bring its claims, rendering the judgment void. Gotech is incorrect. Nagravision is a provider of security technology, including technology supporting subscription-based television providers, and this lawsuit is based on Gotech's sophisticated-but-illegal soft- and hardware that both steals Nagravision technology and defeats Nagravision security, allowing for piracy of pay-television programming. Under these circumstances, we have no doubt that Nagravision suffered an injury traceable to Gotech's misdeeds that can be (and indeed has been) redressed through the court. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1386 (2014); *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017). To the extent Gotech argues about statutory standing rather than Article III standing, its arguments do not advance the ball, for a lack of statutory standing would not render the judgment void. *See Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008) ("This question of whether or not a particular

---

[2] Gotech's willful default precludes relief under Rule 60(b)(1). *See, e.g.*, *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594–95 (5th Cir. 2014).

cause of action authorizes an injured plaintiff to sue is a merits question, affecting statutory standing, not a jurisdictional question, affecting constitutional standing."). And, contrary to Gotech's arguments, because Nagravision asserted its own rights and injuries, there are no issues of prudential standing.[3] *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).

**(2) Federal Question Jurisdiction.** Nagravision based its lawsuit on violations of federal law, and subject matter jurisdiction is clearly present. *See, e.g., Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014). Nonetheless, Gotech urges that subject matter jurisdiction is absent because the DMCA and FCA do "not apply to claimed violations of foreign intellectual property rights." This argument about the statute's application "confuses failure to state a claim with lack of subject matter jurisdiction." *Id.*; *see also United States v. Rojas*, 812 F.3d 382, 390 (5th Cir. 2016) ("[T]he question 'whether a statute applies extraterritorially is a question on the merits rather than a question of a tribunal's power to hear the case.'" (quoting *Villanueva v. U.S. Dep't of Labor*, 743 F.3d 103, 107 (5th Cir. 2014))). The only question fit for our consideration is whether the judgment was void for lack of subject matter jurisdiction, and the answer to that question is no.

**(3) Personal Jurisdiction, Lack of Proper Service.** Defendants raise one argument pertaining to only one of them. Specifically, Gotech asserts that the court lacked personal jurisdiction over Zhuhai Gotech Intelligent Technology Co. Ltd for want of proper service. Rule 4 permits service on foreign defendants "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

---

[3] We leave undecided the unbriefed question of whether the absence of prudential standing would render the judgment void.

No. 16-20817

Convention on the Service Abroad of Judicial and Extrajudicial Documents" *and* "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(1), (3). Service here was court-ordered email service under Rule 4(f)(3), and Gotech has not shown that such service is prohibited by international agreement. Service was therefore proper. Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3). *See United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 659 (5th Cir. 2014).

**(4) Personal Jurisdiction, Rule 4(k)(2).** Nagravision asserted personal jurisdiction solely under Rule 4(k)(2), which "provides for service of process and personal jurisdiction in any district court for cases arising under federal law where the defendant has contacts with the United States as a whole sufficient to satisfy due process concerns and the defendant is not subject to jurisdiction in any particular state." *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004). There is no dispute that Gotech's contacts with the United States, taken as a whole, are sufficient to satisfy due process concerns. The issue is whether the district court erred by finding Gotech "not subject to jurisdiction in any state's courts of general jurisdiction." FED. R. CIV. P. 4(k)(2)(A).

As an initial matter, the burden of proof to establish personal jurisdiction over the defendants rests upon the plaintiff. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). In a case involving a default judgment allegedly rendered in the absence of personal jurisdiction, we stated that, "[o]f course, the 'burden of undermining'" a default judgment "'rests heavily upon the assailant.'" *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir. 1974)

4

(quoting *Williams v. State of N.C.*, 325 U.S. 226, 233–34, 65 S.Ct. 1092, 1097 (1945)).  More recently, however, we stated that "the question who bears the burden of proof in a Rule 60(b)(4) challenge to personal jurisdiction is one that has not been answered for this circuit."  *Jackson v. FIE Corp.*, 302 F.3d 515, 520 (5th Cir. 2002).  Under the rule of orderliness, the older case would govern, *United States v. Broussard*, 669 F.3d 537, 554 (5th Cir. 2012), but we need not address all potential permutations of this rule to address the circumstance here.  The disagreements among the circuits as to which side bears the burden of proof under Rule 60(b)(4) center on the fact that the plaintiff generally has the burden of proof  as to personal jurisdiction.  *See Oldfield v. Pueblo de Bahia Lora, S.A.*, 448 F.3d 1210, 1217 (11th Cir. 2009) (addressing Rule 4(k)(2)(B) and finding no personal jurisdiction due to the lack of necessary contacts); *cf. Bally Exp. Corp. v. Blaicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986) (noting the general rule that the plaintiff has the burden of proving jurisdiction but determining that the burden should be on the defendant to prove lack of jurisdiction in a Rule 60(b)(4) context).

In this case, we have a very specific question of who bears the burden of proof when a Rule 60(b)(4) challenge is made solely on the argument that the requirement of Rule 4(k)(2)(A)—that defendant is not subject to jurisdiction in any state's courts of general jurisdiction—is not met.  Given our holding in *Adams* that plaintiffs do not have a general burden to negate jurisdiction in every state, the burden to establish that there was a state meeting the criteria necessarily must fall on the defendant.  364 F.3d at 651 ("Rather, so long as a defendant does not concede to jurisdiction in another state, a court may use 4(k)(2) to confer jurisdiction.")

Thus, Nagravision had the initial burden to plead and prove the requisite contacts with the United States and plead Rule 4(k)(2)'s applicability (though no need for "magic words"), but it had no burden to negate jurisdiction in every

state.  Between Nagravision's allegations, the evidence attached to its motion for default judgment, and our holding in *Adams*, there is no doubt that the district court correctly (if only impliedly) found that Nagravision had met its burden giving the district court the personal jurisdiction over Gotech necessary to render the default judgment.  *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (holding that, because "a judgment entered without personal jurisdiction is void," district courts have the duty to independently confirm their "power to enter a valid default judgment"); *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (explaining that, in considering whether to enter a default judgment, evidence can be used to further support allegations in the complaint).

The burden then shifted to Gotech when it challenged the judgment to do more than just criticize Nagravision's complaint.  Gotech had to affirmatively establish that the court lacked personal jurisdiction under 4(k)(2) because there was a state where its courts of general jurisdiction could properly exercise jurisdiction over it.  *See Adams*, 364 F.3d at 650. Gotech did nothing of the kind.  At most, it alleged that California was a state of such jurisdiction, but it did nothing to *prove* that the district court's implied finding was wrong making the judgment void.  Accordingly, the district court did not err in denying the Rule 60(b) motion.

~~~

The judgment is AFFIRMED.