# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2022

Lyle W. Cayce
Clerk

No. 21-40166

Viahart, L.L.C.,

*Plaintiff—Appellee*,

*versus*

He GangPeng; Che Haixing; Aszune,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-604

Before Wiener, Graves, and Ho, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:*

Viahart, L.L.C. sued approximately 50 defendants for selling counterfeit products bearing its trademark on several online marketplaces. After receiving the defendants' addresses and emails from the online marketplaces, Viahart attempted to serve each defendant. When that proved unsuccessful, the district court permitted Viahart to serve the defendants by

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40166

email. Still, none appeared. The district court entered default judgment and awarded Viahart damages for trademark infringement. Three of the defendants appeal the judgment and challenge the service by email, their joinder with the 50 other defendants, and the factual basis of the trademark infringement claims. Because we conclude default judgment was appropriate in all respects, we AFFIRM.

## I. BACKGROUND

Viahart manufactures, distributes, and retails toys and educational products under registered trademarks; relevant here, its Goodminton and Brain Flakes marks. In 2018, Viahart identified its marks being used on counterfeit products sold through online marketplaces.[1] Viahart then sued Appellants, He GangPeng, Che Haixing, and Aszune, along with many others, for counterfeiting and unfair competition and false designation of origin.

In November 2018, Viahart filed its initial complaint and moved to serve all of the defendants by email. The district court denied the motion but permitted Viahart to conduct discovery to determine the identities and addresses of the defendants through the online marketplaces. In September 2019, Viahart filed a status report stating it had served the online marketplaces and obtained contact information for the defendants. The data obtained was unverified but showed both domestic and foreign defendants.

In May 2020, Viahart again moved to serve the defendants by email. In that motion, Viahart contended it received physical addresses from the online marketplaces, but in attempting to serve the defendants, the addresses were "proven to be false or deficient in some way." Viahart stated it

---

[1] Viahart identified multiple host marketplace websites where Appellants sold counterfeit products including Amazon, Wish, eBay, Ali Express, and Alibaba.

No. 21-40166

diligently attempted to confirm the addresses and serve the defendants. Viahart also created a table listing each defendant, the information provided from the online marketplaces, how contact or service was attempted, and the status of any email communication with the defendants.

For GangPeng, Viahart attached a proof of service affidavit detailing the process server's attempt to serve. On March 11, 2020, the process server traveled to the domestic address GangPeng provided to the online marketplace. The address led him to a mobile home community in Red Oak, Texas. He spoke with the current homeowner who stated she had never heard of "He GangPeng." She also stated she had lived at the address since 1980. The process server received no other information to locate GangPeng.

For Haixing, whose address was in China, Viahart attached a FedEx receipt of nondelivery. For Aszune, Viahart did not provide any information regarding its attempt to serve at a physical address. Viahart has only noted that it emailed Aszune, and that the email did not "bounce back."

The magistrate judge granted Viahart's motion. The magistrate judge determined service by email was reasonably calculated to notify the defendants of the case because they (1) used email to operate their online marketplace storefronts, (2) test emails did not "bounce back," and (3) the email addresses were obtained from the online marketplaces that used the email addresses to communicate with the defendants.

Viahart had shown it attempted to serve the domestic defendants, including GangPeng, but was unsuccessful. Relying on Texas law, which permits substitute service when service attempts are unsuccessful, the magistrate judge concluded again that email service was reasonably calculated to provide the defendants with notice of this case. Summonses were issued and Viahart served the defendants on or about June 25, 2020.

No. 21-40166

On August 5, 2020, Viahart moved for entry of default because the defendants, including GangPeng, Haixing, and Aszune, failed to appear. Default was entered and Viahart moved for default judgment. The magistrate judge held a hearing on the motion and issued a report and recommendation that the district court grant the motion for default judgment. The magistrate judge also recommended awarding Viahart damages in the amount of $250,000 for each trademark (Goodminton and Brain Flakes) per defendant.

The district court adopted the report and recommendation and granted the motion for default judgment. The district court entered judgment against the defaulting defendants, including GangPeng, Haixing, and Aszune. Each defaulting defendant was liable for $500,000 each plus attorneys' fees, and costs. The judgment permanently enjoined defendants from using Viahart's trademarks, competing with Viahart unfairly, and withdrawing any funds from the online marketplaces or payment processors.

GangPeng, Haixing, and Aszune appeal the judgment on several grounds. GangPeng asserts substitute service was inappropriate under Texas law because Viahart had only made one attempt at personal service. Haixing and Aszune argue service was improper because it failed to comply with the Hague Convention. They all argue the default judgment is invalid because they were improperly joined with the 50 other defendants and because "there was no trademark infringement."

## II. DISCUSSION

We find no error in the district court's entry of default judgment. We review the entry of default judgment for an abuse of discretion. *See Stelly v. Duriso*, 982 F.3d 403, 406 (5th Cir. 2020). Underlying factual determinations, however, are reviewed for clear error. *See id.*

4

No. 21-40166

## A. Service of GangPeng

Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. Tex. R. Civ. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993).

Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that . . . evidence shows will be reasonably effective to give the defendant notice of suit." Tex. R. Civ. P. 106(b)(2). "[S]ubstitute service is not authorized . . . without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Viahart complied with this rule. After Viahart obtained GangPeng's address from the online marketplace, it attempted personal service at that address. The process server was unsuccessful because he discovered that GangPeng did not reside at the address or anywhere nearby. Viahart's motion attached the required affidavit pointing to the address provided by the online marketplace as the location GangPeng could probably be found. Viahart also attached an unexecuted summons and proof of service affidavit describing the process server's attempt to personally serve GangPeng at the given address pursuant to Rule 106(a)(1). This satisfies Rule 106(b), and substitute service was permitted. *See Costley*, 868 S.W.2d at 299 ("Upon receipt of an

affidavit satisfying Rule 106(b), the trial court may authorize substituted service . . . ." (footnote omitted)).

We also disagree with GangPeng's contention that Rule 106(b) requires multiple failed attempts at service before substitute service can be authorized. The rule itself does not require a specific number of attempts. *See* Tex. R. Civ. P. 106(b). GangPeng points to no authority, and we find none, explicitly stating that multiple failed attempts are required before authorizing substitute service. GangPeng also makes no argument that a second, third, or fourth attempt would have resulted in GangPeng being personally served. Because Rule 106(b) does not require multiple failed attempts, Viahart complied with the rule. Service was proper. *See Costley*, 868 S.W.2d at 299.

## B. Service of Haixing and Aszune

Federal Rule of Civil Procedure 4(f) governs the service of parties in foreign countries. Pursuant to Rule 4, an individual may be served in a foreign country by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention. Fed. R. Civ. P. 4(f)(1). Rule 4(f) also permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means. *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). Service on a foreign defendant is therefore proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections. *See id.*; *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Serving Haixing and Aszune by email was appropriate because it was court ordered, reasonably calculated to notify them, and was not prohibited by an international agreement. The magistrate judge ordered email service because the email addresses were procured from the online marketplaces and were designated means of contact for business and notification purposes. And the magistrate judge considered that Haixing and Aszune's alleged conduct occurred on the same online marketplaces that provided the email addresses. Viahart sent test emails to the email addresses and none "bounced back" as undeliverable. We also note that Haixing and Aszune make no argument that email service was not reasonably calculated to provide them with notice. They also make no showing that email service is prohibited by international agreement. Accordingly, email service pursuant to Rule 4(f)(3) was proper. *See Nagravision SA*, 882 F.3d at 498 (concluding court-ordered email service pursuant to Rule 4(f)(3) was proper when defendant made no showing it was prohibited by international agreement).

Haixing and Aszune only argue that service did not comply with the Hague Convention. But we need not address that argument because service was made pursuant to subsection (f)(3), not subsection (f)(1) or the Hague Convention. The Hague Convention "does not displace [subsection] (f)(3)." *Id.* at 498 (citing *United States v. 200 Acres of Land Near FM 2686 Rio Grande City*, 773 F.3d 654, 659 (5th Cir. 2014)); *see also Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (noting the construction of Rule 4(f) shows service under subsection (f)(3) "is as favored as service available under [subsections (f)(1) or (f)(2)]"). Because the magistrate judge ordered email service through subsection (f)(3), and that was reasonably calculated to notify Haixing and Aszune, service was proper.

No. 21-40166

## C. Joinder

Federal Rule of Civil Procedure 21 provides the remedy for misjoinder and states "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Because there are no standards to determine whether parties are misjoined, courts look to Rule 20 on permissive joinder for guidance. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Pursuant to Rule 20, persons may be joined in one action as defendants if (1) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of occurrences, and (2) any question of law or fact common to all defendants will arise in the action.

There is no basis to find misjoinder here.[2] Viahart alleged that each defendant sold counterfeit products bearing its protected trademarks for Goodminton or Brain Flakes. Viahart alleged the defendants all worked together as an "interrelated group" to knowingly sell the counterfeit products. In Viahart's third amended complaint, it also alleged it still did not know the full identities of the defendants because they operated to conceal their identities and the network in which they operated.

These allegations sufficiently allege a series of occurrences within the meaning of Rule 20. The case arises from the defendants allegedly working

---

[2] Rulings on joinder of parties are reviewed for abuse of discretion. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) (citing *Jolley v. Welch*, 904 F.2d 988, 994 (5th Cir. 1990)). In this case, however, neither the magistrate judge nor the district court made a ruling on joinder—no defendant appeared to raise the issue in a motion to quash or motion to sever. Rule 21 permits severance when misjoinder has occurred, but the rule is permissive and may occur upon motion or sua sponte. Without a motion or ruling on this issue in the record, Appellants effectively challenge the magistrate judge and district court's decision not to raise misjoinder or severance sua sponte.

together to sell counterfeit products on numerous occasions and across different marketplaces. *Cf. In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) (stating claims against independent defendants cannot be joined if the defendants are not acting in concert); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012) (concluding joinder was proper where plaintiff alleged defendants traded the same copyrighted work as a group). Because Viahart alleged the defendants were all working together, it sufficiently alleged their conduct arose out of the same transaction, occurrence or series of occurrences. We therefore conclude joinder was appropriate.

## D. Trademark Infringement

Appellants' final argument—"there is no trademark infringement"—cannot be considered. They assert Viahart's Brain Flakes mark is "generic" and thus not protected and that they are entitled to the fair use defense. But Appellants did not appear before the district court to challenge Viahart's claims or raise defenses.

Factual questions and unpled affirmative defenses cannot be raised on appeal of a default judgment when they were not presented to the district court. *See Stelly*, 982 F.3d at 407. Viahart attached its registered trademarks to its complaints. Those trademarks are presumed valid absent evidence to the contrary. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 237–39 (5th Cir. 2010) (discussing presumption of validity with registered trademark is rebuttable with evidence showing mark is not sufficiently distinctive). And the fair use defense is an affirmative defense. *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117–18 (2004) (discussing statutory affirmative defense of fair use under Lanham Act). Because Appellants are defaulting parties challenging a default judgment, we cannot consider these arguments for the first time on appeal.

No. 21-40166

*See Stelly*, 982 F.3d at 407 (stating defaulting parties are not able to raise fact questions or unpled affirmative defenses on appeal of a default judgment).

## III. CONCLUSION

There is no basis for vacating the entry of default judgment. Service was proper. Joinder was appropriate. And defaulting parties cannot raise factual issues or unpled affirmative defenses on appeal. We AFFIRM.