# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2022

Lyle W. Cayce
Clerk

No. 21-20103

Robert Moore,

*Plaintiff—Appellant*,

*versus*

Burlington Northern Santa Fe Railway Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3062

Before Richman, *Chief Judge*, and Clement and Engelhardt, *Circuit Judges*.

Per Curiam:*

Robert Moore contends that Burlington Northern Santa Fe Railway Company (BNSF) terminated his employment as a conductor trainee because he was diagnosed with cancer. He sued BNSF for discrimination under the Americans with Disabilities Act of 1990 (ADA) and for failure to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20103

notify him that he could continue his health insurance coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). The district court granted summary judgment to BNSF and denied Moore leave to amend his complaint. We affirm.

## I

Moore worked at BNSF as a conductor trainee. On August 8th, 2018, he operated a train on a two-person crew with Khollyn Evans, an engineer. Evans sped through a restricted speed area on one section of the trip. Moore told Evans that he was speeding, and Moore recorded the incident in the train's logbook. Moore did not otherwise report what occurred. BNSF received an anonymous complaint the following day stating that Moore was speeding and that he had boasted about it. BNSF investigated, interviewing witnesses through August 15th. The company ultimately terminated Moore, not Evans. Evans was a non-probationary employee who was unionized; Moore was in an at-will probationary period without union protection.

Two days before Moore's termination, Moore told BNSF about his cancer diagnosis. He forwarded an email from his oncologist stating that he would need to miss work due to surgery. Moore received his health insurance through BNSF, and he alleges that he never received a notification that he was eligible to continue his coverage under COBRA.

Moore sued BNSF for disability discrimination under the ADA as well for a notice violation under COBRA. The district court issued an order scheduling a pre-trial conference. In that order, the court stated that initial disclosures may not be delayed. The order also provided that "[n]o interrogatories, requests for admission, or depositions may be done without court approval," but it did not mention document requests. BNSF answered Moore's complaint, which asserted that the complaint failed to state a claim for relief.

Prior to the pre-trial conference, BNSF disclosed over 1,600 pages of documents in its initial disclosures. At the conference itself, BNSF then orally moved to have Moore's ADA and COBRA claims "dismissed." The next day, the court issued an order inviting BNSF to "move for a judgment." BNSF then filed a "motion for judgment," in which it moved for a dismissal under Rule 12(b)(6) as well as summary judgment under Rule 56. Moore filed an opposition brief and a motion to amend his complaint. Moore argued that he had shown enough to be "entitled to discovery." In his motion to amend, Moore sought leave to amend his COBRA claim to allege that BNSF failed to notify Moore's health plan administrator, specifically, instead of alleging that BNSF failed to notify Moore directly. Moore also sought to add the plan administrator as a defendant.

The district court denied Moore's motion to amend, reasoning that Moore failed to provide evidence of a failure to notify. It then granted summary judgment to BNSF on the ADA and COBRA claims. Regarding the ADA claim, the court reasoned that Evans was not similarly situated to Moore. Regarding the COBRA claim, the court determined that BNSF was not required to notify Moore directly. Moore appealed.

## II

Moore raises four arguments. First, he contends that the district court improperly converted BNSF's Rule 12 motion to dismiss into a Rule 56 motion for summary judgment. Second, he argues that the district court should have permitted additional discovery before ruling on BNSF's motion. Third, if it was proper to rule on BNSF's motion under Rule 56 without further discovery, Moore contends that there is a genuine dispute of material fact. Fourth, he argues that the district court improperly denied him leave to amend his complaint.

No. 21-20103

## A

We start with Moore's argument that the district court improperly "converted" BNSF's motion into a Rule 56 motion for summary judgment without providing him proper notice. Rule 56(f) requires courts to give parties "notice and a reasonable time to respond."[1] Once a party is put on "fair notice" that a court might convert a Rule 12 motion into a Rule 56 motion, "we have said that parties must have ten days to submit additional evidence."[2] We review for harmless error.[3]

Here, the district court did not convert a Rule 12 motion into a Rule 56 motion, so the ten-day notice requirement was not triggered. The day after the pre-trial conference, the district court invited BNSF to "move for a judgment." BNSF then expressly moved under Rule 56 for summary judgment as well as under Rule 12 for a dismissal. Rule 56(f) requires "notice and a reasonable time to respond" before a court grants summary judgment sua sponte, not before granting summary judgment to a moving party under Rule 56.[4] Because BNSF moved under Rule 56, Moore had proper notice that the court might rule on summary judgment grounds.

Moore's arguments to the contrary are unpersuasive. He contends that when "the record is undeveloped and the parties have not conducted discovery, a district court abuses its discretion by treating a Rule 12 motion as one for summary judgment." But the cases he cites in support are

---

[1] FED. R. CIV. P. 56(f).

[2] *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 667 (5th Cir. 2019).

[3] *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 249 (5th Cir. 2017).

[4] *See* FED. R. CIV. P. 56(f).

4

distinguishable because they involved motions under Rule 12, not Rule 56.[5] Moore separately argues that when parties have not conducted discovery, a district court abuses its discretion by treating a "hybrid" Rule 12 and 56 motion as one for summary judgment. But we have held that a "hybrid" motion is properly treated as a summary judgment motion when a district court considers materials beyond the pleadings, as the court below did here.[6]

## B

Next, Moore argues that the district court abused its discretion by ignoring his request for additional discovery. "Rule 56 does not require that any discovery take place before summary judgment can be granted . . . ."[7] If a party cannot adequately defend against summary judgment, a Rule 56(d) motion for a continuance is his or her remedy.[8] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow

---

[5] *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725-26 (5th Cir. 2003) (emphasizing that each party was "careful" to "treat [the movant's] motion as a Rule 12 motion on the pleadings," not one for summary judgment); *see also Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71 (1st Cir. 2014) ("Wells Fargo moved to dismiss Foley's complaint for failure to state a claim, pursuant to [Rule] 12(b)(6)."); *Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir. 1990) ("Appellees filed a Rule 12(c) motion for judgment on the pleadings which the district court viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted and then treated as a motion for summary judgment under Rule 56, which it granted."); *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1377 (D.C. Cir. 1988) ("[A]lthough the motions were brought under Federal Rules of Civil Procedure 12(b)(6) and 12(h)(2), they were considered by the court as motions for summary judgment."); *Gay v. Wall*, 761 F.2d 175, 176 n.1 (4th Cir. 1985) ("The defendants' motion was simply a motion to dismiss, not a motion to dismiss or, in the alternative, a motion for summary judgment.").

[6] *See Isquith ex rel. Isquith v. Middle S. Utils. Inc.*, 847 F.2d 186, 193-95 (5th Cir. 1988).

[7] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

[8] *Id.*

time to . . . take discovery."[9]  There is "no stringent procedure that will bar litigants access to further discovery,"[10] as continuances "are broadly favored and should be liberally granted."[11]  We review for abuse of discretion.[12]

If a party does not file an affidavit under Rule 56(d) requesting a continuance, as was the case here, the party must satisfy four requirements for its discovery request to be the "functional equivalent" of a Rule 56(d) motion.[13]  First, the non-movant must "submit an 'equivalent statement preferably in writing' that conveys the need for additional discovery" prior to the court ruling on summary judgment.[14]  Second, the request must "put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought."[15]  Third, it must demonstrate to the trial court "specifically how the requested discovery pertains to the pending motion."[16]  Lastly, the non-movant must "diligently pursue relevant discovery."[17]

Moore did not file an express Rule 56(d) motion.  Instead, in his response to BNSF's motion for judgment, he stated that he had "shown" or "demonstrated enough to be entitled to discovery" before summary

---

[9] Fed. R. Civ. P. 56(d).

[10] *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

[11] *Renfroe v. Parker*, 974 F.3d 594, 600-01 (5th Cir. 2020) (quoting *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)).

[12] *Id.* at 600.

[13] *See Wichita Falls*, 978 F.2d at 918-19.

[14] *Id.* at 919 (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986)).

[15] *Id.*

[16] *Id.*

[17] *Id.*

judgment. He did not explain specifically how discovery he sought related to the pending motion. At the pre-trial conference, when asked if he had anything else to discuss, Moore did not bring up discovery. In his brief in response to the summary judgment motion, Moore admitted that "[e]ven though he has not yet been allowed to conduct discovery, [he] has a plethora of evidence from which a reasonable person could find that BNSF was motivated to terminate him because of his disability." The district court did not abuse its discretion in denying discovery.

## C

Turning to the merits of BNSF's motion, the district court granted summary judgment to BNSF on Moore's ADA and COBRA claims. We review a grant of summary judgment de novo.[18] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[20] We "must 'draw all reasonable inferences in favor of the nonmoving party' and 'refrain from making credibility determinations or weighing the evidence.'"[21]

---

[18] *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

[19] Fed. R. Civ. P. 56(a).

[20] *LHC Grp., Inc.*, 773 F.3d at 694 (internal quotation marks omitted) (quoting *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013)).

[21] *Id.* (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

No. 21-20103

**1**

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability."[22] The three-part *McDonnell Douglas Corp. v. Green*[23] framework applies when a plaintiff offers only circumstantial evidence.[24] First, the plaintiff must establish a prima facie case of discrimination.[25] "To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he had a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability."[26] Second, if the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse action.[27] Third, if the defendant makes this showing, the burden shifts back to the plaintiff to show that the defendant's stated reason was pretextual.[28]

At step one, Moore met his burden. BNSF does not dispute that cancer is a disability under the ADA nor that Moore was qualified for his position. As to causation, the timing of Moore's termination is sufficient for purposes of his prima facie case.[29] At step two, Moore concedes that BNSF

---

[22] 42 U.S.C. § 12112(a).

[23] 411 U.S. 792 (1973).

[24] *LHC Grp., Inc.*, 773 F.3d at 694.

[25] *Id.*

[26] *Id.* at 697 (alteration in original) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

[27] *Id.* at 694.

[28] *Id.*

[29] *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) ("A plaintiff alleging retaliation may satisfy the causal connection element by showing '[c]lose timing between an employee's protected activity and an adverse action against him.'") (alteration in original) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551,

stated a valid, non-discriminatory reason for Moore's termination—the rule violation. Moore's ADA claim, therefore, turns on whether BNSF's stated reason was pretextual.

Drawing all inferences in Moore's favor, we conclude that there is no genuine dispute of material fact on whether BNSF's stated reason was pretextual. As an initial matter, Moore again relies on the timing of his termination to establish pretext. But "once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive."[30] Put another way, plaintiffs must go beyond timing to show pretext. Each of Moore's remaining three arguments falls short.

First, Moore's contention that BNSF treated other employees differently fails because his comparators are not similarly situated. When an employee argues that other employees were treated differently, we require the comparator to have been "under nearly identical circumstances" to the plaintiff.[31] Employees with different jobs or supervisors, for example, are not similarly situated.[32] Moore argues that Evans and "other probationary employees" are suitable comparators. But Evans had a different job than Moore, had worked at BNSF for longer, and was a member of a union.

---

562 (5th Cir. 2007)); *see also id.* (explaining that a five-month lapse is not close enough but "up to four months" may be sufficient) (quoting *Evans v. Houston*, 246 F.3d 344, 354 (5th Cir. 2001).

[30] *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

[31] *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009).

[32] *Id.*

No. 21-20103

Likewise, Moore never established that the "other probationary employees" had similar jobs, supervisors, or that they did not have disabilities.

Second, Moore raises a handful of new arguments on appeal. He asserts that he was never interviewed during the company's investigation of his rule violation, which we have held may undermine the credibility of an employer's non-discriminatory reason.[33] He also argues that BNSF has been inconsistent in its reliance on its stated reason for terminating Moore. Because Moore did not raise either argument in the district court, they are forfeited on appeal.[34]

Lastly, Moore asserts that he did not violate BNSF's operating rules and that BNSF deviated from its policy when it terminated his employment. He offers evidence to suggest that speeding alone is not a terminable offense the first time that it occurs. But BNSF also claims to have fired Moore because he boasted about the incident. Moore contends that the anonymous complaint that accused him of boasting is unreliable because it did not mention the engineer. Even drawing that omission in Moore's favor and recognizing that courts may not assess credibility on summary judgment motions,[35] the only evidence Moore offers in his favor is his own assertion that he never discussed the speeding incident. By itself, an "assertion of innocence" is not sufficient to create a genuine dispute of material fact.[36] The issue is not whether Moore boasted but whether, in the course of its investigation, BNSF had reason to think that he did. Summary judgment to BNSF on the ADA claim was proper.

---

[33] *Laxton v. Gap Inc.*, 333 F.3d 572, 581 (5th Cir. 2003).

[34] *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).

[35] *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

[36] *See Jackson,* 602 F.3d at 379 (5th Cir. 2010).

*2*

Turning to Moore's COBRA claim, the statute instructs that "[t]he plan sponsor of each group health plan shall provide . . . that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled . . . to elect . . . continuation coverage under the plan."[37] "[T]he employer of an employee under a plan must notify the administrator of a qualifying event . . . within 30 days . . . ."[38] The "administrator" must then "notify" the beneficiary of the plan's termination within fourteen days.[39] An "administrator" is defined as the "person specifically so designated by the terms of the instrument under which the plan is operated."[40]

Moore did not adequately plead a COBRA notice violation. He alleged that BNSF failed to provide him notice. But Moore's health insurance plan designated an outside entity as its administrator. Under § 1166(a)(4), the administrator was required to notify Moore—not BNSF.[41] Moore's alternative argument that his complaint encompasses an action against BNSF for failing to notify the administrator also fails. The complaint is clear that Moore alleged that BNSF failed to notify Moore, specifically, not the plan administrator. Summary judgment to BNSF on the COBRA claim was appropriate.

---

[37] 29 U.S.C. § 1161(a).

[38] 29 U.S.C. § 1166(a)(2).

[39] § 1166(a)(4), (c).

[40] 29 U.S.C. § 1002(16)(A).

[41] *See* § 1166(a)(4).

No. 21-20103

## D

Finally, Moore argues that the district court abused its discretion by denying him leave to amend his COBRA claim. We review the denial of leave to amend for abuse of discretion.[42] "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal."[43] "But when the justification for the denial is 'readily apparent,' a judge's failure to explain 'is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend.'"[44] "Futility is one such basis, and we review a proposed amendment under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'"[45]

Although the district court's reasoning was sparse, we conclude that Moore's attempt to amend was futile. Moore admitted below that he "cannot know whether him not receiving the notice resulted from BNSF failing to notify the plan administrator of his termination or the plan administrator failing to notify him of his eligibility." Pleadings require more than "mere conclusory statements," and due to that admission, it is clear that Moore's amended allegation would be conclusory.[46] Moore could have submitted document requests during the period allowed by the pre-trial order to obtain evidence as to whether BNSF notified the plan administrator of

---

[42] *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 569 (5th Cir. 2020).

[43] *Id.* (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)).

[44] *Id.* at 569-70 (quoting *Mayeaux*, 376 F.3d at 426).

[45] *Id.* at 570 (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

[46] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

No. 21-20103

Moore's termination.  He did not do so. The district court did not abuse its discretion by denying Moore leave to amend.

*     *     *

The district court's judgment is AFFIRMED.